UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CR-80073-DMM

UNITED STATES OF AMERICA,

        Plaintiff,

v.

JOHN MOORE, JR.
TANNER MANSELL,

        Defendants.
_____/

**JOINT SUPPLEMENTAL FILING IN
SUPPORT OF MOTION TO COMPEL**

    John Moore, Jr. and Tanner Mansell, through undersigned counsel, hereby file this Joint Supplemental Filing in Support of Motion to Compel, and in support thereof state as follows:

1. Undersigned counsel filed a Joint Motion to Compel on October 25, 2022. [DE:32].

2. On November 3, 2022, the defense emailed AUSA Thomas Watts-FitzGerald and offered to exchange witness lists as early as November 4, 2022 in order to resolve one issue raised in the Motion to Compel. AUSA Watts-FitzGerald refused. Nor would he agree to ***any*** date to exchange them.

3. The defense also emailed AUSA Watts-FitzGerald asking for *Brady* material for Leigh Cobb – a witness who comes up many times in the discovery and who the defense believes will testify at trial. AUSA Watts-FitzGerald claims that because Ms. Cobb was not on the boat during the alleged incident and did not participate in the theft, any evidence relating to her is not *Brady* material. This is nonsensical—a person does not have to be an eyewitness to a crime in order for evidence pertaining to that person to constitute *Brady*. The defense has reason to believe that Ms.

Cobb has both a criminal history and a history of drug use and requested any evidence of a criminal record or drug use. Because AUSA Watts-FitzGerald will not give the defense a witness list and because Ms. Cobb gave the government evidence and her name appears many times in discovery, the defense is left to guess that she will be called by the government as a witness at trial. If Ms. Cobb is a witness at trial, the defense moves to compel the requested material. If she is not a witness at trial, then AUSA Watts-FitzGerald should just say so.

4.  The solution is easy: if the government gives the defense a witness list, the defense will not have to make requests for *Brady*, *Jencks*, and/or *Giglio* material for witnesses that are completely irrelevant or are not being called by the government at trial. The defense seeks a witness list in order to make matters easier, not more complicated.

WHEREFORE, based on the foregoing as well as those reasons outlined in the Motion, Mr. Moore and Mr. Mansell respectfully request this Court grant their Joint Motion to Compel.

Respectfully submitted,

/s/ *Marc David Seitles*
Marc David Seitles
Fla. Bar No. 0178284
mseitles@seitleslaw.com
Counsel for John Moore

/s/ *Ashley Litwin*
Ashley Litwin
Fla. Bar No. 0096818
alitwin@seitleslaw.com
Co-counsel for John Moore

/s/ *Alyssa M. Altonaga*
Alyssa M. Altonaga
Fla. Bar No. 1025089
aaltonaga@seitleslaw.com
Co-counsel for John Moore

SEITLES & LITWIN, P.A.

LAW OFFICES OF IAN GOLDSTEIN, P.A.
Counsel for Tanner Mansell
330 Clematis Street, Suite 209
West Palm Beach, FL 33401
Tel: (561) 600-0950
Email: ian@iangoldsteinlaw.com

*/s/ Ian J. Goldstein*
IAN J. GOLDSTEIN, ESQUIRE
Florida Bar No. 0085219

Courthouse Center
40 N.W. 3rd Street
Penthouse One
Miami, Florida 33128
T: 305-403-8070
F: 305-403-8210

## CERTIFICATE OF SERVICE

I hereby certify that on November 3, 2022, the foregoing document was electronically filed via CM/ECF which will serve all parties of record.

/s/ *Marc David Seitles*
Marc David Seitles