**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 22-80073-CR-MIDDLEBROOKS/MATTHEWMAN**

**UNITED STATES OF AMERICA,**

    **v.**

**JOHN R. MOORE, JR., and**
**TANNER J. MANSELL,**

                 **Defendants.**

                                 /

**GOVERNMENT'S RESPONSE IN OPPOSITION**
**TO JOINT MOTION TO CONTINUE TRIAL DATE**

The United States of America hereby responds in opposition to the Joint Motion [D.E.-35],

filed by the two defendants in this matter, and would show:

### I.      **Background**

1.    Defendants are charged in a sealed one-count Indictment in connection with their

theft of fishing gear in the maritime and territorial jurisdiction of the United States in violation of

Title 18, United States Code, Section 661.[1]  The Indictment was unsealed on July 12, 2022. D.E.-

8.

2.    Initial appearances were held in this matter on August 15, 2022, at which time

current counsel appeared on behalf of the defendants.[2]

---

[1] The government made this same statement in a prior Response. The defendants, however, continue to suggest they are ignorant of the nature of the property which was "taken." D.E.-33 at 1 ¶1.
[2] Defendant Moore was at first represented temporarily by counsel, but that arrangement subsequently became permanent. D.E.-20 entered September 6, 2022. Additionally, on September 19, 2022, two additional counsel entered permanent appearances on behalf of defendant Moore. D.E.-24, 25.

3.      An Order Setting Jury Trial, D.E.-19, was entered on August 29, 2022, setting this matter for trial in the West Palm Beach Division on October 31, 2022.

4.      Arraignment was complete with respect to both defendants on September 6, 2022. D.E.-21.

5.      On the following day, September 7, 2022, the government's Response to the Standing Discovery Order, D.E.-23, was filed, and service copies containing the related statements, videos, still photos, documents, and other evidentiary materials provided to each counsel. The Response included tentative scheduling of a Discovery Conference set for September 20, 2022, however, no defense representative appeared for that conference.

6.      A Joint Motion to Continue Trial was filed by the defendants on September 23, 2022, opposed by the United State on the same date, and denied by this Honorable Court on September 29. D.E.-26, 27, 28. Thereafter, after consultation amongst counsel, an Unopposed Motion To Continue Trial, D.E.-29, was filed on September 29, which was granted and a the matter set for the trial calendar beginning on November 14, 2022. D.E.-30. In the past week all counsel were advised by chambers that this matter would begin during that calendar period, specifically on November 16, 2022.

7.      Defendants suggest they are at a disadvantage because the government has been investigating this case for two years, while they were arraigned only two months ago. This is a skewed perspective. The government was hampered in the investigation because of the pendency of the Covid pandemic and the limitations on both investigative resources and Grand Jury availability. Further, while the Indictment itself was filed under seal on May 5, 2022, and unsealed on July 12, 20022, D.E.-3, 8, the defendants were actively represented by counsel of choice from

2

July 2021, who had investigated the events at issue and made an extensive presentation to the government regarding their position. They were made aware the government was going to proceed to charges shortly thereafter.

## II.     Discussion

The charges in this case relate to a relatively simple course of criminal conduct occurring over a very short period of time – about a 12-hour span. The government will demonstrate that the two defendants, while aboard a small boat off Jupiter Inlet encountered a marked "set" of long-line fishing gear. Although the buoy on the gear was properly marked, they proceeded to interfere with the lawfully placed gear by hauling it aboard their commercial vessel, cutting free all the marine life held by the gear, and ultimately taking over $7,000 in value of line, weights, and attachments ashore. There, the evidence was disposed of, contrary to the direction of a State law enforcement officer.[3]

In its timely discovery, the United States has provided pictures taken aboard the defendants'' vessel, documentation from NOAA and other agencies attesting to the lawfulness of the fishing operation, including the presence of a NOAA observer aboard the fishing vessel, and video of the defendants'' vessel after the completion of their trip, with the stolen line and equipment piled on the dock adjacent to their boat.

The United States estimates that its case in chief will take less than 2 days to present.

There are no novel questions of law involved in this matter. No search warrants were

---

[3] As mentioned in footnote 1, the foregoing information regarding valuation and the nature of the "taken" property appeared in the prior government pleading - information about which both defendants profess ignorance in their Motion For a Bill of Particulars, D.E.-33, filed October 27, 2022. The same pleading seeks the identity of "Fisherman 1" – who they now reference in their instant Motion at pg. 2 ¶5 by name.

executed on the defendants or their property, other than those directed to internet service providers. Discovery was filed the day after arraignment and was comprehensive. D.E.-23.

The generic request for a thirty-day continuance, if granted, would place this matter squarely in the high-volume travel and holiday period when securing witnesses and lodging space are difficult due to collegiate holiday travel, the period of Hanukkah [beginning at sundown on December 18th], and continuing through the Christmas holiday and New Year's period. While the government appreciates the concern that one of defendant Moore's three counsel of record has established travel plans for the Thanksgiving holiday, it does not appear that the case will span the available time if it begins on November 16 and the parties act diligently – even leaving a surplus for deliberation.

Taken seriatim, the defense claims to be missing basic information from the government. While the United States will respond in detail to the various discovery issues they raise on Motion at D.E.-32, several of their claims are simply lacking in persuasive weight.

The United States has provided all recordings of calls made to the relevant agencies of which it is aware. The defense has been told this repeatedly. In discovery, the existing recordings were provided and identified as such.

The government has also endeavored to provide other Brady and Giglio material and will continuously review all reports and materials as it begins its trial preparation for anything additional. However, the lack of precision in the defense pleadings may be conveying the impression that the government has not been diligent. For example, on Motion at 2 ¶ 5, the defendants assert that they asked for the "NOAA application of Richard Osburn," an apparent reference to an application filed with NOAA to secure a Shark Research Fishing Permit relevant

to the vessel involved in this matter. The defense was provided the Permit itself in Discovery. Subsequently, the United States has made clear to the defense what is obvious *on the face of the document*, i.e., Richard Osburn[4] was not the applicant so there is no document responsive to their "demand" and in consequence, nothing to review.

There are a number of potential witnesses, mostly private parties, who were in proximity to defendants' criminal conduct, all of whom are potential albeit repetitive witnesses Their names were disclosed to the defense in discovery because they appear on the reservations list for the vessel operated by the defendants on the date in question. They are free to interview, subpoena, or ignore those witnesses as they wish. None are likely to be evading he defense in this matter and upon information and belief, at least one of the defendants has been in continual contact with divers on the boat at the time of the offense.

This Honorable Court, consistent with its long-standing practice, has already addressed several of the issues raised by defendants on Motion, in its Order Setting Jury Trial, D.E.-19, wherein the Court established the schedule for the provision of witness and exhibit lists. While still in the preparatory stages, the United States will abide by that schedule.

Although not addressed in the Court's scheduling Order, *Id.*, the United States intends, consistent with undersigned counsel's long-standing practice in cases that will take less than a week to try, to provide all *Jenks* material upon empanelment of the jury. This is beyond the requirements of Title 18, United States Code, Section 3500, and Fed. R. Crim. P. 26.2. While the

---

[4] The defendants have repeatedly sought materials and information regarding this individual. The United States has made available the entire criminal history associated with the individual, although the defense expressed their familiarity with that history. A review suggests there is nothing therein which would pass muster for use in Court under Fed. R. Evid. 609(b).

government is not required to disclose any statement in its possession until after the witness has testified on direct examination, *see, e.g., United States v. Calderon*, 127 F.3d 1314 (11th Cir. 1997), this practice will suffice in the government's estimation to avoid any delay on the part of the defense in order for there to be adequate time to review the material and effectively employ it during trial. The material at issue is not likely to be extensive.

### III.      Conclusion

The United States opposes further continuance in this matter. Although not dispositive, the United States has issued subpoenas to multiple witnesses at this juncture, including out-of-state witnesses, and directed a number of law enforcement personnel, both federal and state, to be available on the schedule established by the Court. Travel arrangement shave also been put into place to insure the government can complete its case on the timeline proffered to the Court.

Respectfully submitted,

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

By:      /s/ Thomas Watts-FitzGerald
Assistant U. S. Attorney
Florida Bar No. 0273538
99 N.E. 4th Street
Miami, FL 33132
(305) 961- 9413 Office
(305) 536- 4651 Facsimile

### Certificate of Service

I certify that on September 23, 2022, the foregoing Response was electronically filed via

CM/ECF to effect service on all parties to the instant proceeding.

By:      /s/ Thomas Watts-FitzGerald
Assistant U. S. Attorney